**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| George Kenneth Schopp, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CA No.: 4:17-cv-289 |
| | § | |
| v. | § | |
| | § | Class Action |
| The Right Choice Heating & Air, Inc., | § | Jury Demanded |
| | § | |
| Defendant. | § | |

**PLAINTIFF GEORGE KENNETH SCHOPP'S**
**CLASS ACTION COMPLAINT**

1.      George Kenneth Schopp ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."  *Id.* at 744.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them.  Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system

or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

3.      Plaintiff's residential telephone number is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public from these kind of intrusive telemarketing calls. The Right Choice Heating & Air, Inc ("**Defendant**") or its telemarketing representative or lead generator called Plaintiff's residential phone on approximately 22 occasions beginning on October 29, 2016 and made marketing solicitations, i.e., calls for the purpose of the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

4.      Because Plaintiff had not given his consent to receive these calls from Defendant, these calls violated the TCPA and the Do Not Call Registry laws and regulations.

5.      This is the exact scenarios Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

6.      Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

7.     A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

8.     Plaintiff is a resident of this District.

9.     Upon information and belief Defendant is a corporation that solicits business in the State of Texas and has a local office in Texas located at 2290 Springlake, Rd, Suite 105, Farmers Branch, Texas 75234.

### Venue

10.     The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

11.     Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction.

### Article III Standing

12.     Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also, Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

13.     Plaintiff was harmed by Defendant's actions of calling his residential phone while his number was on the Do Not Call Registry, without consent and with an ATDS and/or a pre-recorded voice in the following manners:

        a.       Plaintiff's privacy was invaded by Defendant;

        b.       Plaintiff was harassed and abused by Defendant's telephone calls;

        c.       Defendant's calls were a nuisance to Plaintiff;

        d.       Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

        e.       Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's cellular telephone;

        f.       Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

        g.       Defendant's seizure of Plaintiff's telephone line was intrusive; and

        h.       Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

### The Telephone Consumer Protection Act

15.     Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of

consumers.  The 1980s and 90s brought an explosion of abuses of telephone and

facsimile technology, including the use of auto-dialers to clog telephone lines with

unwanted calls, "robo-calls" with unsolicited or unwanted, prerecorded messages, and

"junk faxes" that consume the recipients' paper and ink and interfere with the

transmission of legitimate messages.

16.     In 1991, Congress enacted the TCPA to regulate the explosive growth

of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted

telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer

Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. §

227).

17.     Through the TCPA, Congress outlawed telemarketing via unsolicited

automated or pre-recorded telephone calls ("robo-calls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded
> telephone calls, regardless of the content or the initiator of the
> message, to be a nuisance and an invasion of privacy.
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home,
> except when the receiving party consents to receiving the call[,] . . . is
> the only effective means of protecting telephone consumers from this
> nuisance and privacy invasion.

*Id.* § 2(10) and (12); *See also Mims*, 132 S. Ct. at 745.

### *The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's express consent*

18.     The national Do Not Call Registry (the "**Registry**") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id.*

19.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

20.     A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages.  47 U.S.C. § 227(c)(5).

21.     The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii).  That agreement must also include the telephone number to which the calls may be placed.  *Id.*

### *The TCPA bans calls made to a residential phone using an artificial or prerecorded voice*

22. The TCPA's also bans calls to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B).

**Factual Allegations**

***Defendant placed telemarketing calls to the Plaintiff***

23.     Plaintiff is the owner of and user of the residential telephone number 972-436-9329.  Each of the telephone calls referenced below were made to Plaintiff's residential telephone number 972-436-9329. None of the calls at issue were placed by Defendant to Plaintiff's residential phone number for "emergency purposes."

24.     Beginning on October 29, 2016, Plaintiff began receiving telephone calls directly from Defendant or from Defendant's telemarketing representative who made the telephone calls as the agent for and on behalf of Defendant (all references hereinafter to Defendant will include Defendant's telemarketing representatives).

25.     The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was seeking to provide heating and air conditioning services to Plaintiff.

26.     Plaintiff received the following calls from Defendant:

| Date | Number Called | Calling Number |
|---|---|---|
| | | |
| 29-Oct-16 | 972-436-9329 | 972-152-8411 |
| 1-Nov-16 | 972-436-9329 | 972-152-8411 |
| 2-Nov-16 | 972-436-9329 | 972-152-8411 |
| 8-Nov-16 | 972-436-9329 | 817-152-8411 |
| 14-Nov-16 | 972-436-9329 | 817-152-7485 |
| 18-Nov-16 | 972-436-9329 | 972-923-5974 |
| 21-Nov-16 | 972-436-9329 | 972-923-5974 |
| 28-Nov-16 | 972-436-9329 | 972-923-5974 |
| 29-Nov-16 | 972-436-9329 | 972-923-5974 |
| 30-Nov-16 | 972-436-9329 | 817-152-8411 |
| 14-Dec-16 | 972-436-9329 | 972-423-5000 |
| 15-Dec-16 | 972-436-9329 | 972-123-5900 |
| 15-Dec-16 | 972-436-9329 | 972-423-5902 |
| 19-Dec-16 | 972-436-9329 | 972-423-5001 |
| 20-Dec-16 | 972-436-9329 | 972-423-5001 |
| 21-Dec-16 | 972-436-9329 | 972-423-5001 |
| 21-Dec-16 | 972-436-9329 | 972-423-5902 |
| 22-Dec-16 | 972-436-9329 | 972-923-5901 |
| 27-Dec-16 | 972-436-9329 | 972-923-5901 |
| 1-Jan-17 | 972-436-9329 | 972-423-5001 |
| 16-Jan-17 | 972-436-9329 | 972-423-5052 |
| 23-Jan-17 | 972-436-9329 | 972-423-5973 |

27.     On information and belief Defendant was "spoofing" the phone number shown as the calling number. On information and belief the true owners of the "spoofed" numbers Defendant used have received complaints about the calls.

28.     On information and belief all of the above calls were placed through an automatic telephone dialing system.  The calls were placed without the Plaintiff's prior express written consent

29.     Many of the calls were made with an artificial or prerecorded voice. Plaintiff listened to the message and recognized the message as being made with an artificial or prerecorded voice.

30.     Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called on his cellular telephone number.

31.     All the calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the calls.

32.     All of the calls were made by Defendant or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, all of the calls were made on behalf of Defendant

**Class Action Allegations**

33.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

34.     The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry for more than 31 days prior to receiving calls from, or on behalf of, Defendant, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call on their

residential or cellular line within any twelve-month period from, or on behalf of, Defendant.

35.     The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons within the United States who Defendant directly, or through its agents, called on a residential telephone line by the use of an artificial or prerecorded voice during the four years preceding the filing of the initial Complaint in this lawsuit.

36.     The classes as defined above are identifiable through phone records and phone number databases.

37.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of autodialed robo-calls that he received, that the classes are so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

38.     Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

39.     Plaintiff is a member of the classes.

40.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

a.     Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

b.     Whether Defendant or its agents, within the four years before the filing of the initial Complaint, made more than one telemarketing calls within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days.

c.     Whether Defendant placed calls to residential telephone numbers using an artificial or prerecorded voice without obtaining the recipients' prior express written consent for the call;

d.     Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

41.     Plaintiff's claims are typical of the claims of class members.

42.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

43.     The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

44.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.   The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

46.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Causes of Action

### Count One:
### Violation of the TCPA's Do Not Call provisions

47.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48.     The Defendant violated the TCPA by initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

49.     The Defendant's violations were negligent or knowing/willful.

50.     Relief Sought: For himself and all class members, Plaintiff requests the following relief:

a.   That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

b.   That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

c.   That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

d.   That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

e.   That the Plaintiff recover his attorneys' fees and costs.

f.   That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Count Two:**
**Violation of the TCPA's provisions prohibiting calls made with an**
**artificial or prerecorded voice to residential phones**

51.     Plaintiff incorporates the allegations from paragraphs 1-39, inclusive, as if fully set forth herein.

52.     The Defendant violated the TCPA by initiating a telephone call using an artificial or prerecorded voice to Plaintiff's residential telephone number without prior express consent.  *See* 47 U.S.C. § 227(b)(1)(B).

53.     The Defendant's violations were negligent or knowing/willful.

54.     Relief Sought: For himself and all class members, Plaintiff requests the following relief:

a.   That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

b.   That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

c.   That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

d.   That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

e.   That the Plaintiff recover his attorneys' fees and costs.

f.   That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Count Three:**
**Injunctive relief to bar future TCPA violations**

55.   Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

56.   The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

57.   The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted:

By:        /s/ *Chris R. Miltenberger*
                 Chris R. Miltenberger
                 Texas State Bar Number 14171200
                 Designated as Lead Attorney

The Law Office of Chris R. Miltenberger, PLLC
1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff